**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RPOST HOLDINGS, INC. and RPOST COMMUNICATIONS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>YESWARE, INC. and GOOGLE, INC.<br><br>Defendants. | Civil Action No. 2:13-cv-953<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

In this Complaint against Defendants Yesware, Inc. and Google, Inc., Plaintiffs allege, based on their own knowledge with respect to their own actions and based on information and belief with respect to all other actions, as follows:

## NATURE OF THE ACTION

1.      This action for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

## PARTIES

2.      Plaintiff RPost Communications Limited ("RPC") is a corporation organized under the laws of the Nation of Bermuda.  It is the owner of United States Patent No. 8,161,104 ("the '104 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  RPC is also the owner of United States Patent No. 8,275,845 ("the '845 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  RPC is also the owner of United States Patent No. 8,468,198 ("the '198 patent")

entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." The '104, '845, and '198 patents were duly and legally issued by the United States Patent and Trademark Office on April 17, 2012; September 25, 2012; and June 18, 2013 respectively, after full and fair examination. The '104, '845, and '198 patents are valid and enforceable. True and correct copies of the '104, '845, and '198 patents are attached as Exhibits A, B, and C respectively.

3.      Plaintiff RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a place of business at 555 Republic Drive #200 Plano, Texas 75074. It is an exclusive licensee from RPC of the '104, '845, and '198 patents.

4.      On information and belief, Defendant Yesware, Inc. is a Delaware corporation having a principal place of business at 109 Kingston Street, Boston, Massachusetts, 02111. Yesware provides technologies that allow users to track, report, analyze, and authenticate data regarding electronic messages, including but not limited to Yesware's email plugin for Google Chrome, which is compatible with Google's GMail. Yesware has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

5.      On information and belief, Yesware is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Yesware resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Upon information and belief, Yesware has appointed National

Registered Agents, Inc., 160 Greentree Drive Suite 101, Dover, Delaware 19904 as its agent for service of process.

6.      On information and belief, Defendant Google, Inc. is a Delaware corporation having a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.  Google provides technologies that allow users to track, report, analyze, and authenticate data regarding electronic messages, including but not limited to Yesware's email plugin for Google Chrome, which is compatible with Google's GMail.  Google has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

7.      On information and belief, Google is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Google resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Google has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b).  On information and belief, Defendants conduct business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

10.     On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because Defendants have minimum contacts within the State of Texas and the Eastern District of Texas, including via the websites www.yesware.com and www.google.com , under due process and/or the Texas Long Arm Statute, Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendants regularly conduct and solicit business within the State of Texas and within the Eastern District of Texas; and Plaintiffs' causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

11.     Upon information and belief, Defendants had knowledge or were aware of the '104, '845, and '198 patents before the filing of the Original Complaint because products marked with the patent numbers of one or more of these patents are made, offered for sale, and sold in the United States, including but not limited to by RPost.  RPost marks products with the patent number of one or more of the '104, '845, and '198 patents, among other places, in the products' web-based user interface, which provides link to a list including these patents.  RPost has also issued press releases regarding the issuance of the patents found at www.rpost.com.  Thus, Defendants and the public are deemed to have notice of the '104, '845, and '198 patents.

12.     Upon information and belief, Defendants had knowledge or were aware of the '104, '845, and '198 patents before the filing of this Complaint because RPost provided Yesware and Google notice of these patents at least as of October 22, 2013 and October 16, 2013, respectively.

13.     Upon information and belief, based on the above-identified knowledge, as of at least the filing of the Complaint, Defendant knew that they infringed one or more of the '104,

'845, and '198 patents or were aware of these patents and but acted with objectively reckless disregard for those patents by continuing to make, use, sell, and/or offer for sale products that infringe these patents.

14.     More specifically, Defendants directly and/or through intermediaries make, offer for sale, sell, and/or advertise (including the provision of an interactive website) products and services in the United States, the State of Texas, and the Eastern District of Texas.  On information and belief, Defendants have committed acts of infringement in the State of Texas and in the Eastern District of Texas.  Defendants solicit customers in the State of Texas and in the Eastern District of Texas.  On information and belief, Defendants have paying customers who are residents of the State of Texas and the Eastern District of Texas and who use Defendants products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,161,104

15.     Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

16.     On information and belief, Defendants have been and now is infringing the '104 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Yesware's email plugin for Google Chrome and GMail.  Defendants are thus liable for infringement of the '104 patent under 35 U.S.C. § 271.  Defendants' accused products and services are not staple articles of commerce capable of substantial non-infringing uses.  On information and belief, Defendants are aware of the '104 patent and, either individually or collectively, actively encourage consumers to use the accused products and services in a manner that infringes the '104 patent.

17.     On information and belief, Defendants' infringement of the '104 patent has been and/or is willful.

18.     As a result of Defendants' infringement of the '104 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

19.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '104 patent, Plaintiffs will be greatly and irreparably harmed.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 8,275,845**

20.     Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

21.     On information and belief, Defendants have been and now are infringing the '845 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Yesware's email plugin for Google Chrome and GMail.  Defendants are thus liable for infringement of the '845 patent under 35 U.S.C. § 271.  Defendants' accused products and services are not staple articles of commerce capable of substantial non-infringing uses.  On information and belief, Defendants are aware of the '845 patent and, either individually or collectively, actively encourage consumers to use the accused products and services in a manner that infringes the '845 patent.

22.     On information and belief, Defendants' infringement of the '845 patent has been and/or is willful.

23.     As a result of Defendants' infringement of the '845 patent, Plaintiffs have

suffered monetary damages in an amount not yet determined, and will continue to suffer

damages in the future unless Defendants' infringing activities are enjoined by this Court.

24.     Unless a permanent injunction is issued enjoining Defendants and their agents,

servants, employees, representatives, affiliates, and all others acting on in active concert with

Defendants from infringing the '845 patent, Plaintiffs will be greatly and irreparably harmed.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 8,468,198**

25.     Plaintiffs re-allege each and every allegation contained in the foregoing

paragraphs as if fully set forth in this Count.

26.     On information and belief, Defendants have been and now are infringing the '198

patent in the State of Texas, in this judicial district, and elsewhere in the United States by

making, using, importing, selling and/or offering for sell products and services that verify the

delivery and integrity of electronic messages, including but not limited to Yesware's email

plugin for Google Chrome and GMail.  Defendants are thus liable for infringement of the '198

patent under 35 U.S.C. § 271.  Defendants' accused products and services are not staple articles

of commerce capable of substantial non-infringing uses.  On information and belief, Defendants

are aware of the '198 patent and, either individually and collectively, actively encourage

consumers to use the accused products and services in a manner that infringes the '198 patent.

27.     On information and belief, Defendants' infringement of the '198 patent has been

and/or is willful.

28.     As a result of Defendants' infringement of the '198 patent, Plaintiffs have

suffered monetary damages in an amount not yet determined, and will continue to suffer

damages in the future unless Defendants' infringing activities are enjoined by this Court.

29.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendants from infringing the '198 patent, Plaintiffs will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.      A judgment in favor of Plaintiffs that Defendants have infringed the '104, '845, and '198 patents, and that such infringement has been and is willful;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendants from infringing the '104, '845, and '198 patents;

3.      A judgment and order requiring Defendants to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '104, '845, and '198 patents as provided under 35 U.S.C. § 284;

4.      An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants prohibited conduct with notice being made before the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

6.      Any and all other relief that the Court or the jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs, RPost Holdings, Inc. and RPost Communications Limited under Rule 38 of the

Federal Rules of Civil Procedure, demand a trial by jury of any issues so triable by right.


Respectfully Submitted,


Dated:  November 8, 2013

By: /s/ Winston O. Huff
Winston O. Huff
State Bar No. 24068745
Deborah Jagai
State Bar No. 24048571
W.O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com


Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF FILING</u>

I certify that on November 8, 2013, I electronically filed the foregoing Original Complaint with the Clerk of the Court using the CM/ECF system.

/s/  Winston O. Huff