UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

RPOST HOLDINGS, INC. and )
RPOST COMMUNICATIONS LIMITED, )
                                                  )
                Plaintiffs, )
                                                 )          Case No. 2:13-cv-00953-JRG
     v. )
                                                 )          **JURY TRIAL DEMANDED**
YESWARE, INC. and GOOGLE INC., )
                                                 )
                Defendants. )
                                                 )

## DEFENDANT GOOGLE INC.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

LEGAL STANDARD............................................................................................................ 2

ARGUMENT ......................................................................................................................... 4

    I.    RPOST FAILED TO ADEQUATELY PLEAD CLAIMS FOR DIRECT INFRINGEMENT. ............................................................................ 4

    II.    RPOST FAILED TO ADEQUATELY PLEAD CLAIMS FOR INDIRECT INFRINGEMENT. ........................................................................ 5

        A.    RPost Failed to Adequately Plead Induced Infringement........................... 6

        B.    RPost Failed to Adequately Plead Contributory Infringement.................................................................................................... 6

    III.    RPOST DID NOT PLEAD JOINT INFRINGEMENT OR PROPER JOINDER........................................................................................... 8

    IV.    RPOST FAILS TO SUPPORT ITS CONCLUSORY WILLFULNESS ALLEGATIONS. ................................................................. 8

CONCLUSION...................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Vehicular Scis., LLC, v. Mercedes-Benz U.S. Int'l Inc.*,
   Case No. 6:13-cv-00307-MHS, Report and Recommendation
   (Dkt. No. 77) (E.D. Tex. Feb. 7, 2014) .................................................................................. 7

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ................................................................................................. *passim*

*Bell Atlantic Corp v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 2, 3

*Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005) ............................................................................................. 3, 7

*Fenner Invs., Ltd. v. Cellco P'ship d/b/a Verizon Wireless*,
   Case No. 6:11-cv-00348-LED, slip op. (Dkt. No. 21) (E.D. Tex. 2012) ............................... 4, 5

*Fifth Mkt., Inc. v. CME Grp., Inc.*,
   Case No. 1:08-cv-00520-GMS (D. Del. May 14, 2009) ........................................................... 5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................. 2, 3

*IPVX Patent Holdings, Inc. v. IXC, Inc.*,
   Case No. 6:11-cv-00594-LED, slip op. (Dkt. No. 35) (E.D. Tex. 2013) .................................. 8

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ................................................................................................. 2

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005) ................................................................................................. 3

*Motion Games, LLC v. Nintendo Co., Ltd.*,
   Case No. 6:12-cv-00878-LED, Report and Recommendation
   (Dkt. No. 126) (E.D. Tex. Mar. 7, 2014) ...................................................................... 3, 5, 6, 7

*Muniauction, Inc. v. Thomson Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008) ................................................................................................. 8

*U.S. Ethernet Innovations, LLC v. Digi Int'l, Inc.*,
   Case No. 6:12-cv-00235-MHS, Report and Recommendation
   (Dkt. No. 187) (E.D. Tex. Apr. 2, 2013) .......................................................................... 3, 7, 9

- iii -

# TABLE OF AUTHORITIES
*(continued)*

Page(s)

**Statutes**

35 U.S.C.
  § 271(b) .................................................................................................................. 3
  § 299 ....................................................................................................................... 8

**Rules**

Fed. R. Civ. P.
  Rule 8(a)(2) ............................................................................................................ 2
  Rule 12(b)(6) ................................................................................................. 1, 2, 9

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Google Inc. ("Google") moves to dismiss RPost Holdings, Inc. and RPost Communications Limited's (collectively, "RPost") complaint (Dkt. No. 1) for patent infringement for failure to state a claim upon which relief may be granted.

## INTRODUCTION

RPost's complaint is facially deficient—it accuses no Google product of infringement. The complaint, on its face, establishes no claim against Google and demonstrates that Google should not be a party to this case. Far from providing Google fair notice of the claims against it and the grounds for any such claims, RPost makes mere passing reference to Google products.

RPost's complaint does not comply with even the low bar of Form 18, identifying no theory of infringement, no accused product, and no reason for joinder of Google in a case against unrelated third party Yesware, Inc. ("Yesware"). The complaint fails to state a claim upon which relief may be granted as to Google and should be dismissed.

## BACKGROUND

On November 8, 2013, RPost filed its complaint for patent infringement against Yesware, alleging infringement of United States Patent Nos. 8,161,104, 8,275,845, and 8,468,198 (collectively, the "asserted patents"). *See* Dkt. No. 1. RPost included Google in the complaint, but failed to allege a specific theory of infringement as to Google, identify a specific Google product, or explain the grounds for joining Google in what really amounts to a case against Yesware.

RPost's allegations against Google are conclusory and fail to provide notice of any claims against Google. Indeed, the sparse allegations relate to nothing more than third party Yesware's email plugin being allegedly compatible with Google products. *See* Complaint at ¶¶ 6, 16, 21, 26. The complaint includes no statement as to joinder, providing no insight as to

whether RPost is alleging joint infringement or even whether Google is properly joined.  Further, RPost alleges no facts relating to indirect infringement, instead including legal conclusions that, even accepted as true, fail to properly allege indirect infringement.  *See id.*

## **LEGAL STANDARD**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when the plaintiff fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  Under Rule 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires the plaintiff make "a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 n.3 (2007).

To survive a motion to dismiss on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In evaluating a complaint for sufficiency, courts must differentiate between factual allegations and legal conclusions.  *Id.* at 1949-50.  The Supreme Court emphasized that "[t]hreadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949.  Lacking factual enhancement, a complaint fails to provide the required notice of the grounds for entitlement to relief and must be dismissed.  *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

In the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."  *McZeal*, 501 F.3d at 1355-56.  For direct infringement, a claim that complies with Form 18 is sufficient to state a claim that is plausible on its face.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334-35 (Fed. Cir. 2012).  But even Form 18 requires "a statement that defendant has been

infringing the patent by 'making, selling, and using [the accused product] embodying the patent.'" *Id.* at 1334.

Indirect infringement, on the other hand, is governed by the pleading standards articulated in *Iqbal* and *Twombly*. *Id.* at 1336-37. A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another and (2) that the defendant knowingly induced infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). "In order to survive a motion to dismiss, the complaint must (1) adequately plead direct infringement by defendant's customers, (2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that defendant knew that the customers['] acts constituted infringement." *Motion Games, LLC v. Nintendo Co., Ltd.*, Case No. 6:12-cv-00878-LED, Report and Recommendation, at *6, Dkt. No. 126 (E.D. Tex. Mar. 7, 2014) (citing *Bill of Lading*, 681 F.3d at 1339).

Contributory infringement under 35 U.S.C. § 271(c) requires proof (1) of an act of direct infringement, (2) that the defendant "knew that the combination for which its components were especially made was both patented and infringe," and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). "[T]o state a claim for contributory infringement, [plaintiff] must, among other things: (1) identify the 'material or apparatus for use in practicing [the] patent process' that is sold or offered for sale by Defendants and (2) 'plead facts that allow an inference that [these] components … have no substantial non-infringing uses." *U.S. Ethernet Innovations, LLC v. Digi Int'l, Inc.*, Case No. 6:12-cv-00235-MHS, Report and Recommendation, at *5, Dkt. No. 187 (E.D. Tex. Apr. 2, 2013).

**ARGUMENT**

I.  **RPOST FAILED TO ADEQUATELY PLEAD CLAIMS FOR DIRECT INFRINGEMENT.**

RPost did not sufficiently plead direct infringement as to Google. While Form 18 does not set a high bar for allegations, RPost has failed to meet it. *See, e.g.*, *Fenner Invs., Ltd. v. Cellco P'ship d/b/a Verizon Wireless*, Case No. 6:11-cv-00348-LED, slip op., at *5-6, Dkt. No. 21 (E.D. Tex. 2012). As in *Fenner*, the complaint does not inform Google as to what claims it must defend. *See id.* RPost was under an obligation to perform a reasonable pre-suit investigation and is required know the facts that form the basis of its allegations to provide Google with sufficient notice of its claims. *See id.* ("The Court has high expectations of a plaintiff's preparedness before it brings a suit. Thus, the Court expects that Fenner already has sufficient knowledge of facts that it can include in its complaint that would give Defendants sufficient notice of the claims alleged against it."). Yet nothing in the complaint reflects that RPost did so.

Instead of setting forth facts and allegations that put Google on notice of RPost's infringement theories, RPost identifies a third-party product and includes conclusory legal language that fails to articulate grounds of infringement against Google. RPost alleges that Google "provides technologies" that infringe the asserted patents, but the only technology accused of infringement in the complaint is third party Yesware's email plugin. Complaint at ¶¶ 4, 6, 16, 21, and 26. The complaint does not allege any relationship between Google and Yesware. Nor does the complaint allege any Google involvement in the development or sale of the accused Yesware plugin. RPost cannot amend its allegations to correct these deficiencies. It would be evident from any reasonable pre-suit investigation that the facts do not exist to support the allegations RPost would like to make.

Rendering the allegations even more confusing, the complaint makes passing reference to both Google's Chrome web browser and Gmail, but only in connection to the version of the Yesware plugin that is accused of infringement. *Id.* It is apparent from these perfunctory references to Google products that RPost is not accusing either of infringement—the complaint includes no facts as to any allegedly infringing acts by Google that could support a claim of direct infringement. *See Fenner*, Case No. 6:11-cv-00348-LED, slip op., at *5-6 (granting defendants' motion to dismiss for failure to state a claim because the plaintiff "fails to identify what aspect of the systems are infringing and whether specific components of Defendants' systems are allegedly infringing," such that "[t]he complaint simply fails to inform Defendants as to what they must defend against."); *see also Fifth Mkt., Inc. v. CME Grp., Inc.,* Case No. 1:08-cv-00520-GMS (D. Del. May 14, 2009) (granting motion to dismiss where Defendant's product is mentioned in the factual background of complaint but is not clearly accused of infringement).

## II. RPOST FAILED TO ADEQUATELY PLEAD CLAIMS FOR INDIRECT INFRINGEMENT.

RPost includes boilerplate language related to indirect infringement, but, even assuming such allegations are true, no elements for either induced or contributory infringement are pled. *See, e.g*, *Motion Games*, Case No. 6:12-cv-00878-LED, Report and Recommendation, at *6, 11-12. Moreover, legal conclusions are not entitled to any weight and "[t]hreadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. As RPost fails to allege any facts in support of indirect infringement and fails to recite the necessary elements, RPost has failed to state a claim for indirect infringement upon which relief may be granted.

### A.     RPost Failed to Adequately Plead Induced Infringement.

To survive a motion to dismiss, RPost's complaint must "(1) adequately plead direct infringement by defendant's customers, (2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that defendant knew that the customers['] acts constituted infringement." *Motion Games*, Case No. 6:12-cv-00878-LED, Report and Recommendation, at *6, 11-12 (granting motion to dismiss induced infringement claims for failing to provide adequate notice).

RPost merely pleads:  "Defendants are aware of the [asserted] patent and, either individually or collectively, actively encourage consumers to use the accused products and services in a manner that infringes the [asserted] patent." Complaint ¶ 16, 21, and 26.  But these are no more than "naked assertions devoid of 'further factual enhancement'" and are insufficient to state a claim. *Motion Games*, Case No. 6:12-cv-00878-LED, Report and Recommendation, at *11-12 (citing *Iqbal*, 556 U.S. at 678).  The statement fails to allege the three elements necessary to survive a motion to dismiss claims of induced infringement. *Id.* at *6.  RPost does not identify a direct infringer.  *Id.* at *11 ("Further, there is no allegation that the consumer users are even customers of, or had any dealings with Retro.").  RPost does not allege any facts relating to specific intent.  *Id.*  And RPost does not allege any facts plausibly showing that Google knew that the customer acts constituted infringement.  *Id.*  To the extent RPost's complaint actually cludes induced infringement claims, RPost has failed to allege any facts or set forth the appropriate elements to survive a motion to dismiss, and any such claims should be dismissed.

### B.     RPost Failed to Adequately Plead Contributory Infringement.

To state a claim for contributory infringement, RPost must at a minimum "(1) identify the 'material or apparatus for use in practicing [the] patent process' that is sold or offered for sale by Defendants and (2) 'plead facts that allow an inference that [these] components … have no

substantial non-infringing uses." *U.S. Ethernet Innovations*, Case No. 6:12-cv-00235-MHS, Report and Recommendation, at *5 (granting motion to dismiss contributory infringement claims for failure to state a claim); *see also Motion Games*, Case No. 6:12-cv-00878-LED, Report and Recommendation, at *12 (granting motion to dismiss contributory infringement claims for failure to "allege facts from which the Court can plausibly infer the materiality of the software or that it is especially adapted for an infringing use. The complaint is further devoid of any allegation from which the Court can plausibly infer that the software has no substantial non-infringing uses."). RPost must also identify a direct infringer. *See Motion Games*, Case No. 6:12-cv-00878-LED, Report and Recommendation, at *12; *see also Cross Med.*, 424 F.3d at 1312.

RPost utterly fails to establish facts supporting a contributory infringement claim against Google. The only allegation even remotely attributable to a contributory infringement claim is: "Defendants' accused products and services are not staple articles of commerce capable of substantial non-infringing uses." Complaint ¶ 16, 21, and 26. But this again is a naked assertion with no factual basis. It is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

Moreover, this statement fails to allege the necessary elements for contributory infringement at the pleading stage. *See U.S. Ethernet Innovations*, Case No. 6:12-cv-00235-MHS, Report and Recommendation, at *5. RPost does not identify a direct infringer. Nor does it include any allegation establishing (or even suggesting) the materiality of the accused product to an alleged infringement. And RPost's complaint includes no facts plausibly showing that the Yesware plugin lacks substantial noninfringing uses, much less relating to any Google product. *See, e.g.*, *Am. Vehicular Scis., LLC, v. Mercedes-Benz U.S. Int'l Inc.*, Case No. 6:13-cv-00307-MHS, Report and Recommendation, at *8, Dkt. No. 77 (E.D. Tex. Feb. 7, 2014) ("Other than identifying the general technology of the respective patent along with a broad assertion that the

'Infringing Systems' are not suitable for substantial noninfringing uses, AVS' complaint fails to include any discussion of other potential uses of the asserted products."); *IPVX Patent Holdings, Inc. v. IXC, Inc.*, Case No. 6:11-cv-00594-LED, slip op., at *6, Dkt. No. 35 (E.D. Tex. 2013) ("While IPVX asserts IXC contributes to the infringement of the '576 Patent, it fails to provide any factual support that the voicemail feature being sold has no substantial non-infringing use."). To the extent RPost's complaint even alleges a claim of contributory infringement, RPost has failed to allege facts or set forth the appropriate elements in support thereof, and any such claims should be dismissed.

### III. RPOST DID NOT PLEAD JOINT INFRINGEMENT OR PROPER JOINDER.

RPost makes no allegations relating to joint infringement nor includes any facts as to the relationship between Yesware and Google indicating joinder is proper. Joinder of defendants in an infringement action is *improper* unless the plaintiff complies with 35 U.S.C. § 299. RPost has made no allegations under § 299. RPost does not allege that one defendant exerts control or direction over the other defendant, nor does RPost allege facts showing that one party is the "mastermind." *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) (Joint infringement will only lie "if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e.[,] the 'mastermind.'"). Google does not have notice regarding its supposed role in the case nor the allegations against it, and, failing to provide such notice, RPost's complaint for unspecific infringement should be dismissed.

### IV. RPOST FAILS TO SUPPORT ITS CONCLUSORY WILLFULNESS ALLEGATIONS.

At least because RPost has failed to plead infringement, its claim of willfulness also cannot stand. RPost's utterly unsupported assertion that Defendants "acted with objectively reckless

disregard for those patents" (Complaint at ¶ 13) is the very definition of a conclusory statement—it is insufficient to state a claim for willfulness against Google. *See U.S. Ethernet Innovations*, Case No. 6:12-cv-00235-MHS, Report and Recommendation, at *6 (holding plaintiff's willfulness allegations included no facts and constituted only conclusory assertions insufficient to provide adequate notice). RPost's willfulness claim should also be dismissed.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss RPost's Complaint in its entirety pursuant to Rule 12(b)(6). RPost's boilerplate assertions and lack of any alleged factual support fail to meet the pleading standard. Such a threadbare complaint does not give Google the requisite "fair notice" and severely prejudices Google's ability to adequately defend.

Dated: June 9, 2014

Respectfully submitted,

By:       /s/ *Stefani E. Shanberg*
    Stefani E. Shanberg
    Texas Bar No. 24009955
    WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
    One Market Plaza
    Spear Tower, Suite 3300
    San Francisco, California  94105
    Telephone:  (415) 947-2000
    Facsimile:   (415) 947-2099
    E-Mail:      sshanberg@wsgr.com

    J. Mark Mann
    Texas Bar No. 12926150
    MANN | TINDEL | THOMPSON
    300 West Main Street
    Henderson, Texas  75652
    Telephone:  (903) 657-8540
    Facsimile:   (903) 657-6003

    Attorneys for Defendant
    GOOGLE INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 9, 2014. Any other counsel of record will be served via electronic and first class mail.

/s/ *Stefani E. Shanberg*
Stefani E. Shanberg
